**Connie WELK, Appellant,**

v.

**IOWA CITY COMMUNITY SCHOOL DISTRICT, Appellee.**

**No. 90–1158.**

Court of Appeals of Iowa.

April 2, 1991.

Gerald L. Hammond of Sayre & Gribble, P.C., Des Moines, for appellant.

Thomas W. Foley of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

OXBERGER, Chief Judge.

The Iowa City Community School District employed Connie Welk as a substitute teacher during the 1987–88 and 1988–89 academic years. In 1987–88 she worked for 162.5 days of the 190–day academic year, in 1988–89 she worked for 173 days of the 190–day academic year. In 1987–88 Ms. Welk primarily replaced teacher Michelle Moore. Ms. Moore was diagnosed as suffering from cancer in the fall of 1987 and left work on a short term disability leave in October 1987. Ms. Moore's condition did not improve and the school district learned that her condition was terminal at the end of the 1987–88 school year. In 1988–89 Ms. Welk replaced teacher Janet Clark, whose son suffered from cancer. Ms. Clark took a short-term leave of absence in September 1988, intending to return to work in a month but was unable to return during the school year because her son's medical condition did not improve. Ms. Clark did return to her teaching position at the beginning of the 1989–90 school year.

Ms. Welk filed the present action seeking a declaratory judgment that she was a tenured teacher under Iowa Code chapter 279 for both academic years and therefore entitled to the statutory benefits and protections provided for tenured teachers. The trial court denied Ms. Welk the relief she sought, holding instead that she should be classified as a temporary substitute teacher for both of the years in question. The trial court noted that the controlling authority on this question, *Fitzgerald v. Saydel Consolidated School District*, 345 N.W.2d 101 (Iowa 1984), lists several factors to be considered in determining whether a teacher is classified as a permanent teacher or a temporary substitute. The court determined the only factor supporting Ms. Welk's contention she was em-

ployed as a permanent teacher was the high number of days she taught during the 1987–88 and 1988–89 school years. The court concluded the majority of the factors enumerated in *Fitzgerald* dictated Ms. Welk should be classified as a temporary substitute teacher and therefore entered judgment for the school district.

Ms. Welk has appealed the district court's declaratory judgment. She contends the trial court erred in finding she was employed as a temporary substitute teacher because it misinterpreted the *Fitzgerald* factors and Iowa Code chapter 279.

We agree that *Fitzgerald* is the controlling law of this case. We also find the trial court properly applied the factors enunciated in *Fitzgerald* when it found Ms. Welk was a temporary substitute teacher and therefore not protected by the tenure provisions of Iowa Code chapter 279.

■ The factors set out in *Fitzgerald* for determining whether or not a person is employed as a temporary substitute or a permanent teacher are: (1) the length of time the person taught; (2) whether the regular teacher intended to return to the job; (3) the intent of the parties; (4) whether the employment of a substitute teacher was voluntary or involuntary on the part of the school district; and (5) whether the school district was attempting to evade the teacher tenure law. *Id.* at 106. These factors must be analyzed while allowing school administrators to maintain a reasonable amount of flexibility with respect to filling teaching positions throughout the school year. *Id.*

■ The trial court placed considerable weight on the finding that "[b]ut for unforeseen medical problems, the teachers [Ms. Welk replaced] would have returned and fulfilled their teaching commitments." We also find this fact warrants considerable weight in the determination of whether Ms. Welk was employed as a substitute or permanent teacher. If Ms. Welk had been considered a permanent teacher during either the 1987–88 or 1988–89 school terms, the school district would have had two teachers hired to fill one position.

Both years the school's decision to hire Ms. Welk as a substitute teacher was involuntary in that the person originally hired to fill the position was unable to do so for compelling medical reasons that were not foreseen when the person was hired. Although Ms. Welk did in fact work the majority of the year, the teachers she replaced could have returned at any time during the year and resumed their duties. Ms. Welk did not enter into an employment contract with the school district during either year and was reimbursed at a "per diem" rate instead of fixed salary rate.

The trial court found, and we agree, nothing in the record supports a contention the school district was in any way attempting to evade the teacher tenure law. Both sets of circumstances exemplify the need for flexibility so school administrators can effectively deal with unforeseen employment problems. Both of the teachers Ms. Welk replaced were unable to work due to critical medical problems and were also unable to foresee how long their absences would last. Without allowing the school administration some flexibility to employ the same "temporary substitute" teacher during the permanent teachers' unforeseeably extended absences, the children of the classes would have undergone constant streams of substitute teachers resulting in a lack of continuity.

We agree with the trial court that in this circumstance where the only *Fitzgerald* factor favoring the finding that a teacher was employed in a permanent instead of substitute capacity is length of employment during the school year, the teacher is not protected by the tenure provisions of Iowa Code chapter 279.

AFFIRMED.